IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GREGORY A. RICE      *

Plaintiff      *

v      *      Civil Action No. RWT-10-3489

MARTIN O'MALLEY, et al.      *

Defendants      *
***

## MEMORANDUM OPINION

Pending is Defendants' Motion to Dismiss or for Summary Judgment. ECF No. 27. The motion is unopposed and the court finds a hearing unnecessary. See Local Rule 105.6 (D. Md. 2011).

## Background

Plaintiff, a prisoner incarcerated at Brockbridge Correctional Facility (BBCF) at the time the Complaint was filed, claims the Division of Correction's (DOC) policy banning smoking in the institution was not enforced and he had to endure exposure to second-hand cigarette smoke. Plaintiff asserts that 85% of the inmates confined in the dormitory-style housing unit with him smoke without regard to the prohibition on smoking. Plaintiff states that he began his 15-year sentence as a healthy man and believes the exposure to tobacco smoke he has suffered at BBCF has impacted his long-term health adversely. Plaintiff claims that the smoking ban is so widely disregarded at BBCF that a special Contraband Interdiction Team (CIT) was sent to BBCF on September 29, 2010, October 6, 2010, and October 19, 2010, to search for and confiscate banned tobacco products. As a result of the CIT's efforts, fifty or more institutional infractions were written and a "mass quantity" of tobacco was discovered. Despite the interdiction, Plaintiff asserts the blatant and open use of tobacco continued. As relief Plaintiff seeks a transfer (without

increase in security) to a non-smoking facility where he can remain for the rest of his incarceration, and monetary damages. ECF No. 1. Plaintiff was transferred from BBCF to Maryland Correctional Training Center (MCTC) on March 10, 2011, where he states he is no longer exposed to environmental tobacco smoke (ETS). ECF No. 21. Plaintiff indicates, however, that he intends to pursue monetary damages for the period of time he was exposed to ETS.

Defendants assert that the DOC has banned the possession of all tobacco products by inmates and staff at all facilities and administrative buildings. They characterize Plaintiff's complaint as incidental exposure to ETS caused by individual inmates violating the policy. In an effort to enforce the rule banning tobacco and paraphernalia, staff at BBCF conduct daily searches which are conducted randomly or when there is suspicion of a violation. Any inmate found in possession of contraband, such as tobacco, is charged with violation of Rule 406 or 121. Between March 2009 and March 2011, there were 55 inmates found guilty of possessing tobacco. ECF No. 27 at Ex. 5 and 6. Defendants acknowledge that minimum security and pre-release facilities have more problems with contraband due to the transitory nature of these prisons. Inmates confined in these facilities enter and leave for work-release and other programs, making introduction of contraband into the institution easier. Additionally, many of the facilities are located in urban areas where contraband is easily thrown over the walls. *Id.* at Ex. 7. Defendants assert that Plaintiff has failed to exhaust administrative remedies with regard to this claim, having failed to take the initial step of filing a grievance at the institutional level.

**Standard of Review**

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

2

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

Anderson v. Liberty Lobby, Inc., 477 U. S. 242, 247-48 (1986) (emphasis in original). "The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." Bouchat, 346 F.3d at 526 (internal quotation marks omitted) (quoting Drewitt v. Pratt, 999 F.2d 774, 778-79 (4th Cir. 1993)).

## Analysis

The PLRA provides, in pertinent part:

> (a) Applicability of administrative remedies
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

As a prisoner, Plaintiff is subject to the strict requirements of the exhaustion provisions. It is of no consequence that Plaintiff is aggrieved by a single occurrence, as opposed to a general conditions of confinement claim. See Porter v. Nussle, 534 U.S. 516, 528 (2002) (no distinction is made with respect to exhaustion requirement between suits alleging unconstitutional conditions and suits alleging unconstitutional conduct). Exhaustion is also required even though the relief sought is not attainable through resort to the administrative remedy procedure. See Booth v. Churner, 532 U.S. 731, 741 (2001). A claim which has not been exhausted may not be considered by this Court. See Jones v. Bock, 549 U.S. 199, 220 (2007). "[A]n inmate's failure to exhaust his administrative remedies must be viewed as an affirmative defense that should be pleaded or otherwise properly raised by the defendant." Anderson v. XYZ Correctional Health Services, Inc., 407 F. 3d 674, 681 (4th Cir. 2005).

Defendants have raised the affirmative defense of exhaustion and Plaintiff has failed to refute the assertion that he did not file a complaint through the available administrative remedy procedure. The undisputed facts establish that Plaintiff has failed to comply with the requirements of the PLRA, depriving this court of its opportunity to consider the merits of his claim.

Defendants are entitled to summary judgment which shall be granted in the Order which follows.

9-29-11
Date

By Alexander Williams Jr. for RWT
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE